JC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Bagher Zeighami,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.[1]

No. CV-26-04089-PHX-KML (JZB)

**ORDER**

Petitioner Bagher Zeighami has been detained by U.S. Immigration and Customs Enforcement (ICE) pending his removal. Citing *Zadvydas v. Davis*, 533 U.S. 678 (2001), he petitions for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) Petitioner contends that there is no significant likelihood of his removal in the reasonably-foreseeable future and seeks immediate release. Petitioner also seeks an order enjoining Respondents from re-detaining him without notice and an opportunity to be heard.

---

[1] Respondents contend in a footnote that all Respondents other than the warden should be dismissed as improper. (Doc. 10 at 1 n.1.) "[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *see also Doe v. Garland*, 109 F.4th 1188, 1195-96 (9th Cir. 2024). Although *Padilla* and *Doe* set forth the rule that a habeas petitioner must name the warden of the facility where they are detained, the decisions do not preclude naming more than one Respondent as long as the immediate custodian is named. Because Petitioner named his immediate custodian Warden Eric Rokosky as Respondent, the Court declines to dismiss the remaining Respondents.

In a June 12, 2026 Order (Doc. 6), the Court directed Respondents to show cause why the Petition should not be granted. The matter is fully briefed. (Docs. 10, 11.) For the following reasons, the Court will grant the Petition and order that Petitioner be immediately released from custody.

## I.    Background

Petitioner is a native and citizen of Iran. (Doc. 1 ¶ 7.) He was admitted to the United States as a Lawful Permanent Resident on August 25, 2016. (*Id.*) In November 2024, Petitioner was convicted in Arizona state court of retail theft and sentenced to 1.5 years' imprisonment. (*Id.* ¶ 8.) After serving his sentence, Petitioner was taken into immigration custody. On October 23, 2025, an immigration judge ordered Petitioner removed to Austria or alternatively to Iran. (*Id.* ¶ 10.)

Respondents have not accomplished Petitioner's removal to either designated country. Austria refused to accept Petitioner, and Iran did not issue travel documents to effectuate his removal. (Doc. 1 ¶ 11; Doc. 10-1 ¶ 21.)

On April 8, 2026, Petitioner filed an earlier petition under § 2241 raising the same claim under *Zadvydas*. *Zeighami v. Rokosky*, No. CV-26-02396-PHX-KML (JZB). Respondents did not oppose release, the Court ordered Petitioner released on April 21, 2026, and he was released the following day. (Doc. 1 ¶¶ 12–15.)

Although the parties' accounts of the intervening events differ in certain respects, it is undisputed that Petitioner was subsequently arrested by state authorities, was processed out of state custody on May 23, 2026, and was taken back into immigration custody that same day. (Doc. 1 ¶¶ 16-17; Doc. 10-1 ¶¶ 25–29.) Petitioner is presently detained at the Eloy Detention Center. (Doc. 1 ¶ 1.) Respondents are "currently waiting travel documents" to remove Petitioner to Iran. (Doc. 10-1 ¶ 30.)

## II.    Legal Standard

Petitioner's continued detention is governed by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). Under § 1231(a)(1), the Government has 90 days in which to remove an alien once a removal order becomes final. Detention during this removal period

is mandatory. 8 U.S.C. § 1231(a)(2). If the Government is unable to effect removal within the 90-day removal period, however, continued detention of aliens such as Petitioner becomes discretionary. 8 U.S.C. § 1231(a)(6). That discretion, however, is not unfettered, and indefinite detention is not permitted. *Zadvydas*, 533 U.S. at 689 (stating that 8 U.S.C. § 1231(a)(6) "does not permit indefinite detention"). This is not to say that every alien like Petitioner must be released once the 90-day removal period has expired. 533 U.S. at 701. Rather, the Supreme Court in *Zadvydas* recognized an implicit post-§ 1231(a)(2) period in which continued detention is "presumptively reasonable" and does not violate the Fifth Amendment. *Id.* The *Zadvydas* Court concluded that this "presumptively reasonable" period extends for no more than six months once an order of removal becomes final (including the 90-day mandatory detention period under § 1231(a)(2)). *Id.* Thereafter, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If, after considering the evidence, the Court finds that "removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699.

**III.   Discussion**

Respondents provided a declaration discussing documents contained within Petitioner's immigration file (Doc. 10-1), which Petitioner attacks on procedural grounds (Doc. 11 at 3-4). There is no need to determine whether the declaration is competent evidence because even if it is, the facts within it do not carry Respondents' burden to demonstrate Petitioner's removal is likely in the reasonably-foreseeable future.

Petitioner's removal order became final on October 23, 2025, when the immigration judge ordered him removed and both parties waived appeal.[2] 8 U.S.C. § 1231(a)(1)(B)(i). Petitioner remained in post-removal-order custody from October 23, 2025 until his release

---

[2] Because Petitioner did not seek judicial review of his removal order and no court stayed his removal, 8 U.S.C. § 1231(a)(1)(B)(ii) does not apply. *See* 8 C.F.R. § 1241.1(b) (an immigration judge's order of removal becomes final upon waiver of appeal).

on April 22, 2026—a period one day shy of six months—and has been detained again continuously since May 23, 2026.

Respondents assert that Petitioner is subject to mandatory detention under § 1231. However, Petitioner's two periods of post-final-order detention are properly aggregated. *See Vardanyan v. Noem*, No. 2:26-CV-02248-SPG-SP, 2026 WL 867925, at *4 (C.D. Cal. Mar. 26, 2026) (noting that "most courts to address the question have found that release does not restart the six-month period" and aggregating periods of post-final-order detention because a "contrary rule would effectively permit the Government to avoid the requirements of due process by executing a series of releases and re-detentions"). So aggregated, Petitioner has been detained well beyond the presumptively-reasonable period *Zadvydas* identified. 533 U.S. at 701.

To obtain relief, Petitioner must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If Petitioner does so, Respondents "must respond with evidence sufficient to rebut that showing." *Id.* Petitioner has made the requisite showing. His final order of removal designates only two countries, Austria and Iran. Austria has refused to accept him. (Doc. 10-1 ¶ 21.) Iran has not issued travel documents, and Petitioner's removal to Iran is especially unlikely in view of the absence of diplomatic relations between the United States and Iran and the ongoing armed conflict between the two nations. (Doc. 1 ¶¶ 24-25.) This is sufficient to establish "good reason" to believe that there is no significant likelihood of Petitioner's removal in the reasonably-foreseeable future. The burden thus shifts to Respondents to respond with evidence sufficient to rebut this showing.

Respondents have not carried their evidentiary burden. The declaration they provided states only that Petitioner "is currently waiting [for] travel documents to be removed from the United States to Iran." (Doc. 10-1 ¶ 30.) It does not state that travel documents have recently been requested, that any have been or are likely to be issued, or that Petitioner's removal is imminent. The only travel-document request it identifies was made to ICE headquarters on November 3, 2025, more than eight months ago. (*Id.* ¶ 22.)

A bare assertion that the Government awaits travel documents does not establish a significant likelihood of removal in the reasonably-foreseeable future. *Zadvydas* made clear that the Government's "good faith efforts" to effect removal are not alone sufficient. 533 U.S. at 702. Respondents' unsupported representation that the diplomatic situation with Iran "is expected to improve substantially in the near future" (Doc. 10 at 4) is precisely the sort of conclusory assurance that does not satisfy *Zadvydas*.

The Supreme Court held in *Zadvydas* that "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." 533 U.S. at 701. Petitioner has been detained well beyond the presumptively-reasonable period, has provided good reason to believe that his removal is not significantly likely to occur in the reasonably-foreseeable future, and Respondents have failed to rebut that showing. Accordingly, the Court finds that Petitioner's continued detention is no longer authorized by § 1231(a)(6) and violates the Fifth Amendment. The Court will grant the Petition.

Petitioner also requests that the Court bar his re-detention absent advance notice and a hearing. (Doc. 1 ¶¶ 27-34.) Any future re-detention—and the process due before it—will depend on circumstances not presently before the Court. The Court therefore declines to reach this request.

/

/

/

/

/

/

/

/

/

/

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to Petitioner's request for release from custody. The remainder of the Petition is denied without prejudice.

**IT IS FURTHER ORDERED** that Respondents must **immediately release** Petitioner from custody under the same conditions that existed before his redetention.

**IT IS FURTHER ORDERED** that Respondents must provide a notice of compliance within **two business days** of Petitioner's release.pr

**IT IS FURTHER ORDERED** that the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 23rd day of July, 2026.

_____
**Honorable Krissa M. Lanham**
**United States District Judge**